## CHRISTY v. HOLMES.

NEW TRIAL.—*Is the Verdict Supported by the Evidence?—Rule that should Govern the Circuit Court.*—A motion for a new trial, upon the alleged ground that the evidence is insufficient to support the verdict, should be granted by the circuit court, unless it clearly appears that substantial justice has been done.

SAME.—*Rule Governing the Supreme Court.*—Where the same question is presented to the Supreme Court, on appeal, that court should not grant a new trial, unless it clearly appears from the record that substantial justice has not been done.

From the Wells Circuit Court.

*J. S. Dailey* and *L. Mock*, for appellant.

BIDDLE, J.—Suit brought before a justice of the peace by Leander Holmes against Amos Christy, for the use and occupation of a certain house and grounds, under a special agreement, as is alleged, to pay five dollars per month rent.

Judgment for Holmes before the justice; appeal to the circuit court; trial by the court; finding and judgment the same way, and for the same amount.

Appeal to this court.

The appellant contends that the evidence is insufficient to support the finding. This is the only question he makes in his brief, and the only one we shall consider. The evidence on behalf of Holmes shows that he leased the house to Christy for five dollars per month, and that the premises were occupied by a third person with Christy's knowledge and consent. The evidence on behalf of Christy shows that the third person, who occupied the premises, leased the house from Holmes, and that Christy agreed to pay the rent if the occupant did not, but made no promise in writing, signed by himself, or by any person authorized to bind him. The evidence on either side is sufficient to prevail, if it stood uncontradicted by the other side. In such a case, it is very clear that we can not reverse the case.

It should always be kept in mind, that the rule which governs a circuit court in deciding a motion for a new trial, upon the ground that the verdict is not sustained by sufficient evidence, is very different from the rule which governs the Supreme Court in deciding the same question, when brought before it by appeal. The circuit court presides over the case, knows with what ability or animus it is prosecuted or defended, has the jury and their conduct before it, sees the witnesses, their looks and manners, hears their statements, and knows whether willingly or reluctantly made; in short, sees the actual trial from its beginning and throughout its progress to the end, with all the indices of truth and falsehood before it, from all of which it may judge the question and decide.

An appellate court, which is merely a court of error, has nothing of the case before it except the record, in which the words of one witness mean just the same as the same words of another witness; when, perhaps, if the witnesses were seen while they testified, their manner noted, their living voices heard, their intelligence or ignorance of the subject about which they were testifying perceived, one might be entitled to full credit, and the other to not the least. And the living jurors, which come to us merely as so many names, are all before the circuit court, their intelligence or ignorance of the subject they are trying, their conduct or fairness as to prejudice or independence, and many signs of truth and falsehood which can not possibly be put into a record; and when the question has passed the ordeal of all these tests in the circuit court, and a new trial has been denied, the decision comes before us with so many presumptions in its favor that it is almost impossible to obtain a reversal of the judgment under the judicial rule by which we are bound. If, then, there is any evidence to support the verdict, we can not reverse the judgment, because we must suppose it was that evidence which convinced the

jury and the court, and the evidence which contradicted it was not credible, and therefore disregarded.

It sometimes appears to us that the circuit court ought to have granted a new trial, when we can not judicially reverse the case ; and sometimes we fear that the circuit court follows the rule which governs the Supreme Court, instead of the rule which should govern the circuit court.

In the circuit court, it must clearly appear that substantial justice has been done by the verdict, or a new trial should be granted; in the Supreme Court, it must clearly appear that substantial justice has not been done, or the judgment should be affirmed. If each court will constantly remember the rule of law which governs it, and always put it into practical effect, then substantial justice will be done in every case.

The judgment is affirmed, with costs.