## SHEETS *v.* CRUM ET AL.

[No. 18,412. Filed May 10, 1898.]

From the Clinton Circuit Court. *Affirmed.*

*Owen E. Brumbaugh* and *Joseph Combs,* for appellant.

*Joseph H. Ricketts* and *Martin A. Morrison,* for appellees.

JORDAN, J.—Appellant and the appellee, William Crum, were co-sureties for one James H. Sheets, upon certain promissory notes, which appellant was compelled to pay and satisfy as such surety, and he instituted this action to enforce contribution as against William Crum, and also to set aside as fraudulent a certain deed and mortgage as against him and his co-appellees herein, by which the real estate described in the complaint had been conveyed, and subjected to a mortgage lien. On the trial by the court a judgment was rendered in favor of appellant, as against William Crum, for the full amount to which he was entitled upon the issue in respect to contribution, but the decision was in favor of the appellees upon the issue in relation to the alleged fraudulent deed of conveyance and mortgage.

Appellant's motion for a new trial was based upon the grounds:

(1) That the decision of the court is not sustained by sufficient evidence ; (2) that it is contrary to law ; (3) that it is contrary to the evidence.   The error assigned in this court is the overruling of this motion.   The sole question, therefore, presented for our consideration is :   Is there legal evidence in the record sufficient to sustain the decision of the court upon the issue raised by the pleadings in regard to the execution of the alleged fraudulent deed and mortgage ?

It is insisted by the appellant that there is no substantial conflict in the evidence, and that it establishes that the appellees were actuated by fraud in the execution of these instruments.   Appellant's claim, however, that there is no conflict in the evidence, cannot be sustained.   We have carefully read and considered the evidence as it appears in the record ; and while, as insisted by counsel for appellant, it may be asserted to be sufficient to have justified the trial court in finding in favor of appellant upon the charge of fraud, imputed to appellees in the execution of the deed and mortgage, still there is sufficient legal evidence in the record, which if deemed credible, may be said to fully sustain the judgment.   The learned judge presiding at the trial was ·in a position to observe the manner in which the witnesses who testified before him conducted themselves in giving their testimony, and must be presumed to have observed all other signs and indications which could be considered as giving an impress of truth or falsehood to their respective statements.   He seems to have believed and confided in the evidence given by the appellees which was adverse, in some respects, at least, to that which may be considered as favorable to appellant, and under the circumstances, we cannot weigh the evidence and interpose our judgment against that of the trial judge.   We are therefore constrained to yield to the rule of appellate procedure by which this court has been universally controlled, and decline to disturb the result reached below.   *Christy* v. *Holmes,* 57 Ind. 314; *Fort Wayne, etc., R. R. ·Co.* v. *Husselman,* 65 Ind. 73; *Deal* v. *State,* 140 Ind. 354.   Judgment affirmed.