## PINTOZZI ET AL. *v.* SMALL ET AL.

[No. 19,014. Filed June 12, 1959. Rehearing denied October 6, 1959. Transfer denied May 25, 1960.]

*Rabb Emison, James W. Funk,* both of Vincennes, and *Irving Fink,* of Indianapolis, for appellants.

*Clarence Umfleet* and *Shake & Shake,* all of Vincennes, for appellees.

PER CURIAM.—Appellees, as the owners of certain real estate, filed complaint against appellants and others, seeking cancellation of an oil and gas lease, alleging that appellees were the lessors named in said lease and one Everett Grant was the lessee named therein; that said lease was for a term of one year and as long thereafter as oil or gas, or either of them is produced from said land by the lessee; that the appellants, and others named, claimed the ownership of said lease and may claim an interest in the leased premises; that the lease had expired and the leasehold had been abandoned, to the damage of appellees; and praying damages, cancellation of the lease, and other relief. The complaint was put at issue by answer of certain of the defendants, including the appellants except appellant Joe Savitt.

The cause was submitted to the court for trial, without a jury, and the court found for appellees; that the lease should be cancelled; that none of the defendants, including appellants, own any interest or title in the lease or leasehold estate; that the defendants should remove all the machinery and fixtures placed on the

premises; and that appellees are not entitled to damages or enforcement of an issued Attachment. Consistent judgment followed. Appellants' motion for New Trial was overruled and this appeal followed.

The only assigned error is that the court erred in overruling said motion for a new trial. The latter specifies that the decision is not sustained by sufficient evidence, is contrary to law, and that the court erred in overruling appellants' motion, made at the conclusion of appellees' evidence, to "return a verdict" for appellants. The latter specification is without validity for the reason that the motion referred to is not set forth either in the transcript or appellants' brief.

The specifications that the evidence is insufficient to sustain the decision and that the decision is contrary to law requires a consideration of the evidence. However, we experience difficulty in doing so. The bill of exceptions containing the evidence does not precede the Clerk's Certificate to the transcript but follows it, so that the bill of exceptions containing the evidence and the filing thereof is not authenticated by the clerk. The Clerk's Certificate states that the "above and foregoing" transcript contains the original Bill of Exceptions containing the evidence. But there is no bill of exceptions containing the evidence contained in the "above and foregoing" transcript. See *Murphy, et al.* v. *Hendrick* (1959), 129 Ind. App. 655, 157 N. E. 2d 306, just handed down by this court. As a further result of said condition of the transcript, the court's settlement of the Bill of Exceptions containing the evidence, including its presentment to and approval by the court, fails to become a part of the transcript.

Appellees make no suggestion of the transcript deficiencies and, therefore, we have deemed it proper, to

the extent of ascertaining whether it clearly appears that substantial justice has not been done (*Christy* v. *Holmes* (1877), 57 Ind. 314, 316), to examine the evidence with regard to the particular insufficiency urged by the appellants.

The particular insufficiency of the evidence to sustain the decision of the trial court, relied upon by appellants, and the only one discussed by them in their briefs, is that the evidence does not establish the essentials of the "legal concept and definition of abandonment." However, there were issues in the cause additional to the issue of abandonment. The complaint and answer posed the issues of (1) abandonment, (2) expiration of the lease by its express terms, and (3) failure of the appellants to perform the express and implied obligations of the lease on their part to be performed. The establishment by appellees of any one of said issues would be sufficient to sustain the finding of the court. Appellants do not urge, discuss, or argue that the evidence is insufficient to sustain the court's finding on the above issues (2) and (3). It follows that even if we concluded that the evidence was insufficient to sustain the issue of abandonment, we would not be authorized, in the absence of any error so urged or contended for, to reverse the judgment on some self-originated theory that some other determinative issue was unsupported by the evidence. The burden is always upon the appellant to show error by the record and such is not the prerogative or function of the appellate tribunal.

Our review of the evidence convinces us that the cause was fully and fairly tried and that a just result was reached.

Judgment affirmed.

## ON PETITION FOR REHEARING

PER CURIAM.—Appellants submit Petition for Rehearing, without supporting briefs. The petition asserts that we erred in two respects. First, they say that the court as now constituted was not the court which heard ·the oral argument of the appeal. Appellants' motion for a new trial was grounded upon the asserted insufficiency of the evidence to sustain the decision and that the latter was contrary to law, and error of the court in overruling appellants' motion for judgment at the close of appellees' evidence. In our original opinion we pointed out that the said motion was not in the transcript or the briefs and that the bill of exceptions containing the evidence was not properly certified by the clerk. Thus, in fact, no question was presented by appellants for our determination. Therefore, there was no issue nor point before us rendering a reargument either appropriate or feasible. The deficiencies above referred to were apparent on the face of the record and readily evident to the court without argumentative examination.

Notwithstanding the stated condition of the record upon which we could have rested, we reviewed the evidence to the end of judicially ascertaining whether substantial justice clearly appeared not to have been done. We determined, after such examination of the evidence, that the cause had been fully and fairly tried and a just result reached.

The situation here presented is unlike that referred to in *Hanley* v. *State* (1955), 234 Ind. 326, on page 351, 123 N. E. 2d 452, rehearing denied 234 Ind. 326, 126 N. E. 2d 879, and in §2831, Indiana Trial and Appellate Practice, 1959 Pocket Part. Here, as we have shown above, the record and briefs presented no question for our consideration. Further, the per-

sonnel of the present court was not changed after the original opinion was written, as was the case in *Hanley* v. *State, supra,* but actually constituted the court which promulgated said opinion. Appellants have presented us with no authority, nor have we found such, which holds that the court must burden itself with a second argument on unpresented questions which the court would be without authority to determine.

Second, appellants say that we held that it was incumbent upon "defendant to prove chain of title to himself" and that we erred in so holding. We encounter difficulty in understanding this asserted ground of error. A rereading of our opinion fails to disclose that any chain of title or title to the involved leased real estate was an issue in the action or that the court determined any such issue. Further, we are unable to find that we made the holding appellants complain of. No such issue was proposed and, as stated in the opinion, the only issue discussed by the appellants was that of abandonment of the lease. We think the original opinion is clear and that a cursory reading thereof will serve to dissipate appellants' said count of alleged error.

The Petition for Rehearing is denied.

NOTE.—Reported in 159 N. E. 2d 142. Rehearing denied 161 N. E. 2d 380.