JAY PERRY *v.* ERIC BARON.

[No. 1271A263. Filed April 26, 1972. Rehearing denied May 17, 1972. Transfer denied July 3, 1973.]

*Donald R. Ewers, Bates and Ewers,* of Evansville, for appellant.

*Robert H. Hahn, Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

PER CURIAM.—This cause is before the Court on the appellee's motion to dismiss or affirm, which alleges as cause therefor multiple defects in the record of the proceedings and in the appellant's brief.

This was a cause of action in the trial court for damages for personal injuries allegedly sustained by the plaintiff-appellant in an automobile collision. A default judgment was entered against the defendant-appellee. Thereafter, defendant-appellee filed in the trial court his motion to set aside default, which the trial court granted.

The plaintiff-appellant now seeks to appeal the judgment of the trial court setting aside its earlier default judgment. The issue appellant seeks to present to this Court on appeal is whether or not service of process was had upon the defendant-appellee.

The appellant's motion to correct errors filed in the trial court alleged that the Court committed error in setting aside the Order of Default in that the court's action:

1. Was contrary to law inasmuch as the evidence indicated proper service was obtained over the defendant;

2. Was not supported by sufficient evidence;

3. Was contrary to the evidence; and

4. Was an abuse of the court's discretion in the following respects:

    (a) evidence shows service of process over the defendant;

    (b) evidence shows defendant was properly defaulted in open court;

    (c) evidence shows defendant ignored service of process.

The appellant attempts to argue those points in his brief. All of these points require an examination of the evidence for their determination. Appellee asserts that the evidence is not in the record because there is nothing to indicate the transcript of the evidence was ever filed with the clerk and made a part of the record.

We have examined the record of the proceedings and find that the record and the evidence together occupy one hundred seven pages. The clerk's certificate is found at page 66, at the center of the record of the proceedings, between the record and the transcript of the evidence. It certifies the "foregoing transcript", and is dated December 9, 1971. Since the clerk's certificate appears at page 66 of the record, the remainder of the record, consisting of pages 67 through 107, is not certified as being a part of the record of the trial court, and we cannot consider the material contained in those pages. *Pintozzi et al.* v. *Small et al.* (1959), 130 Ind. App. 570, 159 N. E. 2d 142. The clerk's certificate should be the last item in the record of the proceedings, as it must follow all of the proceedings which it purports to authenticate. *McCracken* v. *Hunter et al.* (1962), 134 Ind. App. 157, 186 N. E. 2d 884; *Diane Company, Inc., etc., et al.* v. *Beebe* (1960), 131 Ind. App. 161, 145 N. E. 2d 20. As further evidence of counsel's lack of attention to detail in the preparation of the record for filing, we note that this case was docketed in, and

judgment rendered in the Vanderburgh Superior Court. However, the clerk's certificate identifies the clerk as the Clerk of the Circuit Court, and the clerk has signed the certificate as the Clerk of the Circuit Court, not as the Clerk of the Superior Court.

The Judge's certificate to the transcript of the evidence approving the same and ordering it to be filed is dated December 13, 1971, four days after the clerk purported to certify the same as having been approved by the Judge and filed. There is no order book entry showing the filing of the transcript of the evidence with the clerk. We have carefully examined every page of the transcript of the evidence, and nowhere does the file stamp of the trial court clerk appear thereon as evidence of its having been filed with the clerk of the trial court. We, therefore, conclude that the transcript of the evidence was not made a part of the record, is not properly before us, and we cannot decide the issues attempted to be raised by the appellant, all of which require a consideration of the evidence for their decision. *Pintozzi et al.* v. *Small et al., supra; Murphy, et al.* v. *Hendrick* (1959), 129 Ind. App. 655, 157 N. E. 2d 306; Wiltrout, *Indiana Practice,* Vol. 3, § 2363.

This Court has previously held that where it is not properly shown that the bill of exceptions was filed, it is not a part of the record on appeal. *Coney* v. *Farmers State Bank* (1970), 146 Ind. App. 483, 256 N. E. 2d 692; *Findling* v. *Findling* (1963), 134 Ind. App. 661, 186 N. E. 2d 892.

Our Supreme Court amended its Rule AP. 7.2, effective January 1, 1971, to require that the transcript of the proceedings at the trial be presented to the trial judge, who shall examine the same; if correct, sign the same, and order the same filed and made a part of the record in the clerk's office. Thus, the cases decided before the adoption of the new rules of procedure, which held that the bill of exceptions must be filed with the clerk and the transcript

had to evidence the filing of the bill of exceptions with the clerk, are still valid and guide our decision in this case.

In our examination of the record of the proceedings we find that it is defective in other particulars, in that the table of contents is not sufficiently specific to be of any particular aid to the Court in using it, the lines of each page are not numbered, and the matters appearing in the record appear to be placed at random and not in any orderly sequence, so that it is difficult to comprehend the course of the proceedings in the trial court.

From the total record of the proceedings as filed by appellant, it is apparent that there was either a lack of understanding of the appellate rules of procedure, or that there was an insufficient effort made to comply with the rules in the preparation of the record for filing in this Court.

There is yet another reason why the appellee's motion to affirm should be sustained. The motion to affirm next alleges that the appellant did not make a good faith effort to comply with AP. Rule 8.3 in the preparation of his brief, nor is there any substantial compliance therewith.

After having examined the appellant's brief, we agree with the appellee.

The appellant's brief does not contain a table of cases, statutes and authorities as required by Rule AP. 8.3(A)(1). The brief does not contain, in the statement of the case, the verbatim statement of the Order which appellant is seeking to appeal, as required by AP. 8.3(A)(4). The appellant's brief does not contain a statement of facts relevant to the issues presented for review, as required by AP. 8.3(A)(5). The brief contains no summary of argument as required by AP. 8.3(A)(6). The argument portion of the brief is not organized as required by AP. 8.3(A)(7), in that each error assigned in the motion to correct errors which the appellant seeks to raise on appeal is not set forth specifically and followed by argument applicable thereto. The argument portion

of the appellant's brief contains no citations to any applicable authorities, rules or statutes.

This Court recognizes that one of the purposes of the new rules of procedure was to liberalize the practice in the trial courts and courts of appeal and to reduce technical burdens, not increase them. *State Board of Tax Commissioners* v. *Associated Auto & Truck Rental, Inc.* (1971), 148 Ind. App. 611, 268 N. E. 2d 626. This Court always prefers to decide cases on the merits whenever it is possible to do so. However, this Court will not assume the role of appellant's advocate, or search the record to ascertain the nature of, and merits of, the errors sought to be raised by appellant.

Where, as in this case, there is such a lack of compliance with the rules in the preparation of the record of the proceedings and the appellant's brief that no question is presented for review, the judgment will be affirmed.

The appellee's motion to affirm is granted, and the order of the trial court setting aside default judgment is affirmed.

NOTE.—Reported in 281 N. E. 2d 544.