PAUL T. BOYD AND ELNORA BOYD, HIS WIFE *v.* RALPH ROGERS AND COMPANY INC., AN INDIANA CORPORATION.

[No. 1-475A73. Filed December 10, 1975.]

---

*William Sanders, Sanders, Austin & Gibson,* of Princeton, West Virginia, *Gary J. Clendening, Bunger, Harrell & Robertson,* of Bloomington, for appellants.

*David O. Tittle, Harry Gonso, Bingham, Summers, Welsh & Spilman,* of Indianapolis, *James T. Roberts,* of Nashville, for appellee.

PER CURIAM—This cause is pending before the Court on the appellee's motion to dismiss or affirm. While that motion raises several questions regarding the defects of the appellants' transcript, the question of most substance asserts that the issues on the merits of the cause require a consideration of the evidence, however, the transcript was never filed with the clerk of the trial court as required by the Indiana Rules of Appellate Procedure 7.2(A)(4). As a result, it is argued, the transcript is not before the court.

AP 7.2(A)(4) reads:

"The transcript of the proceedings at the trial, including all papers, objections and other matters referred to above shall be presented to the judge who presided at the trial, who shall examine the same and if not true, correct the same without delay, and as finally settled by the court, shall sign the same, certifying to the same as being true and correct in said proceedings, and order the same filed and *made a part of the record in the clerk's office."* (Emphasis added.)

More specifically, the appellee's motion alleges that the purported transcript was not filed with the clerk and made a part of the record, or if it had been in fact filed, the filing has not been evidenced by the clerk's certificate, a docket sheet entry, an order book entry, or a file mark. An examination of the transcript confirms this allegation since there is no docket sheet or order book entry nor a file mark of the clerk's office. (The transcript does contain the clerk's file mark on certain pages. However the respective dates on the

file marks are not compatible with a showing of a filing of the transcript as contemplated by AP 7.2(A) (4).

Cases interpreting AP. 7.2(A) (4), and its predecessor Supreme Court Rule 2-3, have uniformly held that the transcript must manifest compliance with the requirement that it has been filed with the clerk of the trial court before it can be a part of the record on appeal. *Coney* v. *Farmers State Bank* (1970), 146 Ind. App. 483, 256 N.E.2d 692; *Perry* v. *Baron* (1972), 152 Ind. App. 29, 281 N.E.2d 544; *Jackson* v. *Jackson* (1974), 160 Ind. App. 680, 314 N.E.2d 70. The rationale behind such a decision is stated in *Taylor* v. *Butt et al.* (1972), 154 Ind. App. 196, 289 N.E. 2d 159:

> "Courts speak only by their records, and an appellate tribunal can only be informed from the record made up of entries by the clerk and the bill of exceptions certified by the trial judge *and duly filed with the clerk. Coney* v. *Farmers State Bank* (1970), 146 Ind. App. 483, 256 N.E. 2d 692; *Findling* v. *Findling supra; Philips* v. *State* (1930), 202 Ind. 181, 172 N.E. 904." (Emphasis added.) 289 N.E. 2d at 161.

The appellant vigorously argues that the collective reading of the praecipae, the judge's certificate and the clerk's certificate cures the supposed defect. Our reading of *Jackson, supra, Perry, supra* and *Coney, supra* however, leads us to believe that something more (in the absence of a direct statement in the clerk's certificate evidencing a proper and timely filing with the clerk) is required to prove the act of filing.

In closing it should be noted that this court receives no joy, personally or professionally, in resolving the question at hand as we do. Our frequent recitation that we prefer to decide cases on the merits is more than a platitude. Argument urging us not to resolve a case on a technicality has appeal to the heart. However, our rules of procedure are not unduly burdensome and to require adherence to them by all appearing before this court is not too much to require.

The appellee's motion to affirm is sustained, and the judgment of the trial court is affirmed.

NOTE.—Reported at 338 N.E.2d 323.