BRUCE E. ELDRIDGE *v.* STATE OF INDIANA.

[No. 1275S380. Filed March 31, 1977. Rehearing denied June 9, 1977.]

*John H. Meyers,* Tippecanoe Public Defender, of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged by information with second degree burglary and being an habitual criminal. In a bifurcated trial a jury returned a verdict of guilty to second degree burglary and thereafter the same jury found the appellant to be an habitual criminal. The court rendered judgment on the verdicts and sentenced the appellant to two to five years imprisonment for burglary and to life imprisonment on the habitual criminal conviction.

The record reveals the following evidence: On June 28, 1975, at about 11:30 p.m., two police cars were dispatched to Steck's of Lafayette, Inc. in Lafayette, Indiana, in response to a burglary alarm. Sherri Renick and Lyle Whitmire were stopped in a car at a traffic light near Steck's at about the same time and heard the alarm. About one minute later they heard glass breaking and saw a boy or a man with blond hair wearing blue jeans and a navy blue windbreaker run from Steck's into an alley. Police discovered a two feet by three feet hole in one of the showroom windows of Steck's and

observed that most of the broken glass was on the inside of the store and that some was on the outside.

During a search of the area surrounding the store appellant, a blond wearing blue jeans and a navy blue jacket, was discovered crouched down at the bottom of an outside stairwell. Appellant had a small, bleeding cut on his left hand. In appellant's pocket was a partial roll of nickels identified as having been taken from the store. In the top of his sock was approximately $85.00 in bills, including eight one dollar bills which apparently had fresh blood spots on them. Twenty-three dollars and seventy cents was taken from the store's cash register. The store's manager testified that the burglar alarm was of the type that is triggered by an object passing through a beam of light. He testified that the alarm would only be set off by an object or a person in the store and not by the breaking of the window.

Appellant produced evidence that on the day before the burglary he closed his savings account containing $100.11. Appellant's wife testified that appellant had been drinking and that, as they drove near Steck's, he became nauseous and ran into the alley behind Steck's to vomit.

Following a verdict of guilty of second degree burglary the jury heard evidence that appellant had three times previously been convicted of burglary and had spent time in the Indiana State Reformatory as a result of those convictions.

Appellant first urges that the evidence is insufficient to support his conviction for second degree burglary. The elements of second degree burglary are (1) a breaking and (2) an entering (3) of any building other than a dwelling house (4) with the intent to commit a felony therein. IC 35-13-4-4 (a) [Burns 1975] ; *Cook* v. *State,* (1973) 258 Ind. 667, 284 N.E.2d 81. Appellant urges that as the witnesses testified that the sound of breaking glass was heard after the alarm had already sounded, there was a void of evidence of any breaking in order to enter. However there was evidence that most of the glass from the showroom

window was inside the store, thus allowing the inference that the window was broken from the outside inward and that in exiting the building, appellant broke more glass which would account for some glass being found outside the store and the sound of breaking glass occurring after the alarm had sounded. We therefore hold the evidence is sufficient to support the finding of the jury that appellant was guilty of breaking and entering the establishment.

Appellant also urges there is no evidence that he is the one who entered Steck's. He contends that as it is possible that the wrapped coins were given as change, the evidence does not point so surely and unerringly to his guilt as to exclude every reasonable hypothesis of his innocence, citing *McAdams* v. *State*, (1948) 226 Ind. 403, 81 N.E.2d 671. Appellant is correct in his statement of the law but not in its application to the facts at bar. In *Baker* v. *State*, (1973) 260 Ind. 618, 298 N.E.2d 445, this Court quoted the following from Judge Emmert's opinion in *Baker* v. *State*, (1956) 236 Ind. 55, 138 N.E.2d 641, regarding the principle here involved:

> "When we carefully examine the cases decided in the long history of this court which have reversed convictions because they were not sustained by sufficient evidence, it is apparent that the court was applying a test that some material allegation had not been proved by substantial evidence so that no reasonable man could say this issue had been proved beyond a reasonable doubt." 260 Ind. at 621.

In determining whether each element of the crime has been proven, the evidence must be considered as a whole rather than as fragmentary parts. *Ringham* v. *State*, (1974) 261 Ind. 628, 308 N.E.2d 863. The trial court will be affirmed if there is evidence, including reasonable inferences, from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. The Court may not reweigh the evidence nor redetermine the credibility of the various witnesses. *McAfee* v. *State*, (1973) 259 Ind. 687, 291 N.E.2d 554. In the case at bar the manager of the store testified that it is not the store's practice to give

coins in wrappers as change. He further testified that the half roll of nickels which was found in the possession of the appellant was in the cash register on the night in question. Evidence of possession of recently stolen property, together with evidence that appellant was discovered within a few minutes of the burglary crouched at the bottom of a stairwell next to the burglarized building, is sufficient to sustain the verdict of the jury. See *Ward* v. *State,* (1973) 260 Ind. 217, 294 N.E.2d 796.

Appellant next argues that State's exhibits numbered 5, 6, 7, 8, 9 and 10, all copies of public records, were improperly admitted. Appellant objected to each exhibit on the grounds that they were not authenticated and were not the best evidence. IC 34-1-17-7 [Burns 1974] provides for admission of copies of public records when they are attested as true and complete by the keeper of the records under the seal of his office, or if the officer has no seal, his attestation must be accompanied by a certificate that such attestation is made by the proper officer from the clerk under the seal of the circuit or superior court. Ind. R. Tr. P. 44(A)(1) provides that proof of an official record may be evidenced by an official publication or a copy attested by the officer having legal custody of the record or his deputy. No proof that the officer has custody of the record is necessary, although it is permitted. Appellant urges that Ind. R. Tr. P. 44 should not apply because the consequences in criminal proceedings may be more severe than those of civil proceedings, and every reasonable step should be taken to assure the authenticity of official records and to prevent forgeries.

Part (C) of Ind. R. Tr. P. 44 indicates that its methods of authentication are to be considered as alternatives to other methods. Ind. R. Tr. P. 44 is made applicable to criminal trials through Ind. R. Crim. P. 21. Certainly a document such as those introduced in evidence in this case could be impeached for fraud. See *Pitts* v. *State,* (1939) 216 Ind. 168, 23 N.E.2d 673.

State's exhibits numbered 5, 6 and 7, purport to be copies of commitments to the Indiana Reformatory for "Bruce Eldridge" made from originals in the Reformatory records. Each of these exhibits bears a certification from the superintendent of the Reformatory to "the above and foregoing" which certification is attached to the front of the commitment. Inasmuch as there is nothing "above and foregoing," the certifications in these three exhibits are nullities. See *Perry* v. *Barron,* (1972) 152 Ind. App. 29, 281 N.E.2d 544. It was therefore error to admit exhibits 5, 6 and 7, into evidence. However the error in admitting these exhibits is harmless, as evidence of his convictions and sentences was already before the jury through exhibits 2, 3 and 4. Further, exhibits 8, 9 and 10 were properly authenticated under the terms of Ind. R. Tr. P. 44. The erroneous admission of evidence is harmless when such evidence is cumulative of other evidence properly admitted. *Boles* v. *State,* (1973) 259 Ind. 661, 291 N.E.2d 357.

Appellant also urges that there being no proof that the exhibits consisted of originals from the Reformatory records, the exhibits did not meet the requirements of the best evidence or original document rule. The best evidence or original document rule requires that when the terms of a document are to be proved, the original document itself must normally be placed in evidence as it represents the best evidence of its terms. *Enlow* v. *State,* (1973) 261 Ind. 348, 303 N.E.2d 658. One of the recognized exceptions to this rule is that allowed in Ind. R. Tr. P. 44 pertaining to public records. Exhibits 8, 9 and 10, do comply with Ind. R. Tr. P. 44, and thus were admissible without proof that they are originals.

The Court does observe *sua sponte* that the trial court erred in that it sentenced the appellant first to two to five years imprisonment for burglary and then to a sentence of life imprisonment as being an habitual criminal. This sentence is in error. The life sentence is not imposed as an additional sentence to the sentence imposed for the instant crime, but is

properly imposed as an alternative sentence for the instant crime. Therefore appellant should have been sentenced to life imprisonment for the crime of second degree burglary, he having been found to be an habitual criminal. This case is therefore remanded to the trial court with instructions to correct the sentence accordingly.

DeBruler, Hunter and Prentice, JJ., concur; Arterburn, J., not participating.

NOTE.—Reported at 361 N.E.2d 155.