**AMFAC DISTRIBUTION CORPORA-
TION d/b/a AMFAC Plumbing
Supply Company, Plaintiff–Appellee,**

v.

**Lowell L. HARRELSON,
Defendant–Appellant.**

**No. 87–7463**

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 15, 1988.

Joel E. Dillard, William J. Baxley, Birmingham, Ala., for defendant-appellant.

Oliver J. Latour, Jr., Owens, Latour & Simpson, Bay Minette, Ala., for plaintiff-appellee.

Before KRAVITCH, JOHNSON and EDMONDSON, Circuit Judges.

PER CURIAM:

In this appeal, the district court in Alabama granted the plaintiff-appellee's motion for summary judgment in an action seeking to enforce a final judgment issued by a Texas state court. The defendant-appellant contends that the state court judgment, upon which the district court relied, was improperly authenticated under Rule 44(a)(1) of the Federal Rules of Civil Procedure.[1] Accordingly, defendant argues that the district court improperly granted summary judgment. Believing that plaintiff has substantially complied with the Rule 44(a)(1), we affirm.

In June 1986, the District Court of Harris County, Texas, entered a judgment in

---

1. Rule 44(a)(1) of the Federal Rules of Civil Procedure provides:

   *Proof of Official Record*

   (a) Authentication.

   (1) Domestic. An official record kept within the United States, or any state, ... when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by the officer's deputy, and accompanied by a certificate that such officer has the custody. The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of the officer's office.

favor of plaintiff AMFAC Distribution Corp., d/b/a AMFAC Plumbing Supply Co. ("AMFAC"), against Lowell L. Harrelson and others. Then, AMFAC filed a complaint in the Southern District of Alabama seeking to enforce the Texas judgment. Accompanying AMFAC's complaint was a copy of the Texas judgment.

Attached to the judgment is a sealed statement by the Harris County District Court Clerk ("Clerk") "certify[ing] that the foregoing transcript of record Is a true and correct copy of Final Judgment on file in my office." This attestation lists the parties to the suit, the case number, and the volume and page numbers upon which the judgment was entered in the Clerk's records. Immediately below the Clerk's attestation is a sealed certificate by the Texas state court judge for Harris County "certify[ing] that the foregoing certificate and attestation of [the Clerk] is in due form; and that the [Clerk] is the proper custodian of the files and records referred to in said certificate...." Beneath the judge's signature and seal is another sealed certification signed by the clerk certifying that the judge's signature is genuine.

In addition to the Clerk's attestation attached to the front of the judgment, another is found stamped on the back of the last page of the judgment; this attestation is signed by a deputy clerk bearing the court's official seal, and it states "that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, as appears on record in Vol. 3352, Page 533, minutes of said court on file in my office." The significance of this second certificate is not addressed by appellant.

Harrelson moved to dismiss AMFAC's complaint alleging that it failed to state a claim. Harrelson contended that the Texas judgment was improperly certified because the attestation and certification attached to the front of the Texas judgment refers to the *foregoing* documents. After his motion to dismiss was denied, Harrelson filed an Answer alleging the state judgment was improperly authenticated and pleading "accord and satisfaction" as an affirmative defense. Thereafter, AMFAC filed a motion for summary judgment. In support of this motion, AMFAC submitted an affidavit of AMFAC's attorney in the Texas suit; the affidavit stated that no portion of the judgment had been satisfied and that the defendants were unentitled to any offsets, credits, or deductions. Accompanying this affidavit was a photocopy of the attestation and certification that had been stapled on top of the pertinent Texas judgment. In his affidavit, AMFAC's attorney stated that the photocopy is "[a] true and correct copy of said Final Judgment...." Harrelson responded by again asserting that the judgment was improperly certified.

The district court granted AMFAC's motion for summary judgment. In reaching this conclusion, the district court determined that the attestation by the clerk and the certification by the district judge were in "proper form." The federal district court concluded that "[Harrelson's] conclusory statement that '[t]he Texas judgment attached to the complaint is improperly authenticated' [was] unexplained and ... legally inaccurate."[2] Harrelson filed this appeal.

First, we note that we are considering an appeal from summary judgment. Therefore, we must apply the same standards as those that bind the district court. In doing so, we must resolve all reasonable doubts in favor of the non-moving party. *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir.1987). No factual disputes are in the instant case; Harrelson, however, does dispute the legal significance attached to the undisputed facts by asserting that the Texas judgment is improperly authenticated and unentitled to enforcement.[3]

---

2. The district court also concluded that because Harrelson had not pursued his defense of accord and satisfaction, it was deemed to have been waived.

3. In support of Harrelson's contention, he relies upon *Prado North Residences, Ltd. v. Prado North Condominium Ass'n, Inc.*, 477 So.2d 396 (Ala.1985), in which the Alabama Supreme Court refused to enforce a Georgia judgment because "the document filed with the [Alabama]

We are unpersuaded by Harrelson's hyper-technical assertion and believe that, at a minimum, AMFAC has substantially complied with the authentication requirements of Rule 44(a)(1) of the Federal Rules of Civil Procedure. *See generally Mullican v. United States*, 252 F.2d 398, 402 (5th Cir.1958)[4] ("... we do not think that copies of official records can be properly admitted without a *substantial compliance* with the statute and the rules.") (emphasis added). Under Rule 44(a)(1), two things are required to authenticate a copy of a state court judgment. First, the copy must be attested to by the officer having the legal custody of the judgment or by his deputy. Second, there must be a certificate that the attesting officer has legal custody; this certificate is to be made by a judge of a court of record of the district or political subdivision in which the judgment is kept and must be authenticated by the seal of the court. Fed.Rule Civ.Proc. 44(a)(1); *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* sec. 2434 (1971 & Supp.1987).

In the instant case, AMFAC procured a copy of the Texas judgment accompanied by the attestation and certification required by the rule. The attestation and certification precede the judgment. The attestation and certification expressly refer to the *foregoing* documents, but there is nothing before the attestation and certification page. Still, the attestation provides the parties' names, the case number, and the volume and page number of the court records. Moreover, the volume and page number of the judgment is found upon the back of the last page of the state judgment. There is no difficulty in linking the attestation and certification to the judgment that is the object of the certificate.

Under these circumstances, we conclude that there has been substantial compliance with Rule 44. The district court can ascertain whether the Texas court which rendered the judgment had the jurisdiction to do so and the party against whom enforcement is sought is given notice of the underlying judgment. Reversing the district court simply because the attestation and certification were stapled to the front of the judgment instead of the back would not further the purposes of Rule 44 nor protect any substantial right of Harrelson's. To rule otherwise would indicate nothing more than a total capitulation to form over substance. Also, this conclusion is buttressed by the fact that Harrelson does not directly dispute the validity of the Texas judgment.

In addition, assuming *arguendo* that AMFAC did not substantially comply with Rule 44(a), summary judgment would still be appropriate since the Texas judgment is admissible under the Federal Rules of Evidence. Paragraph (c) of Rule 44 states that "[t]his rule does not prevent the proof of official records or of entry or lack of entry therein by any other method authorized by law." Federal Rule of Evidence 902[5] provides for authentication by

---

court was not the required copy of the Georgia judgment, but was, instead, a copy of the writ of fieri facias'...." *Id.* at 398. This case is factually distinguishable and fails to address the narrow question presented here involving an attestation and certification attached to the top of a judgment asserting that the *foregoing* documents are true and correct copies.

Our research has uncovered three factually similar Indiana cases involving the application of Trial Rule 44(A)(1) of the Indiana Rules of Procedure which is similar to Fed.Rule Civ. Proc. 44(a)(1). *See Mogle v. State*, 471 N.E.2d 1146 (Ind.App.1984); *Eldridge v. State*, 266 Ind. 134, 361 N.E.2d 155 (1977); *Perry v. Baron*, 152 Ind.App. 29, 281 N.E.2d 544 (1972). These cases also involved documents which were stapled beneath a certification which expressly referred to the *foregoing* documents. The Indiana courts considered the documents "nullities" and pro-

hibited their admission into evidence. We decline to follow these decisions.

4. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

5. Rule 902, Federal Rules of Evidence, provides in pertinent part:

   Rule 902.  Self–Authentication

   Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

   (1) Domestic public documents under seal.

   A document bearing a seal purporting to be that of the United States, or of any State, ... or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

certificate when a copy of the judgment bears a seal purporting to be that of a state court and a signature purporting to be an attestation of the custodian of the original judgment. In the instant case, the stamp found on the back of the last page of the judgment clearly satisfies these requirements. Consequently, the Texas judgment is admissible under Rule 902 of the Federal Rules of Evidence. *See generally United States v. Pent–R–Books, Inc.*, 538 F.2d 519 (2d Cir.1976) (administrative records improperly certified under Fed.Rule Civ.Proc. Rule 44(a)(1) are admissible in summary judgment proceedings when properly authenticated under Fed.Rule Evid. 902).

Accordingly, the decision of the district court granting AMFAC's motion for summary judgment is AFFIRMED.

. . . .
(4) Certified copies of public records.
A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority.