LEO W. TAYLOR AS ADMINISTRATOR OF THE ESTATE OF TERRY LYNN TAYLOR *v.* ANDREA E. BUTT, WILLIAM BUTT, HAROLD WEBER, LOIS WEBER.

[No. 1-672A11. Filed November 22, 1972. Rehearing denied January 9, 1973.]

*John W. Mead, Mead, Mead & Mead,* of Salem, *John E. Wise,* of Louisville, Kentucky, for appellant.

*Robert W. Davis,* of Corydon, *Richard C. O'Connor, Orbison, Ruby & O'Connor,* of New Albany, *James D. Allen,* of Salem, for appellees.

## ON APPELLEE'S MOTIONS TO DISMISS OR AFFIRM

PER CURIAM.—This cause is pending before the Court on the Motions to Dismiss or Affirm filed by the appellee Andrea Butt. One of said Motions is directed to the transcript and one is directed to the appellant's brief. Because of the result we have reached, this opinion is concerned only with the Motion directed to the transcript. That motion alleges that the bill of exceptions was never filed with the clerk, as evidenced by the Clerk's Certificate, and the absence of an order book entry showing the bill of exceptions was filed.

The complete transcript in this case is 248 pages long. The Clerk's Certificate appears at page 51 and certifies "the foregoing transcript, pages 1 through 51, to be a true, complete and exact copy of all papers filed or offered to be filed with the Clerk of the Washington Circuit Court during the course of this action, including all process pleadings, motions, and other written documents, and a copy of the Order Book Entries as the same appears on the record in this office in the Civil Order Book". The Clerk's Certificate is silent concerning the bill of exceptions. There is no other Clerk's Certificate in the transcript certifying that the bill of exceptions had been filed and made a part of the record. The Order Book Entries do not show that the bill of exceptions was filed. We have examined every page of the bill of exceptions and do not find any file mark of the trial court clerk as physical evidence of the filing of the bill of exceptions. We therefore conclude that the bill of exceptions was never filed and made a part of the record.

This was a cause of action by the plaintiff-appellant to recover damages for the wrongful death of his decedent, Terry Lynn Taylor, occasioned by the collision of decedent's motorcycle and an automobile driven by defendant-appellee, Andrea

Butt. The case was tried to the court without a jury. After hearing the evidence, the trial court made findings of fact and conclusions of law and entered judgment for all the defendants and against plaintiff-appellant.

Appellant's Motion to Correct Errors has fifteen specifications, thirteen of which concern a finding of fact or a conclusion of law, and the remaining two alleging error in the court allowing the introduction of certain evidence. Each of these fifteen specifications requires a consideration of the evidence for decision.

Appellate Rule 7.2 (A) (4) reads as follows:

"The transcript of the proceedings at the trial, including all papers, objections and other matters referred to above shall be presented to the judge who presided at the trial, who shall examine the same and if not true, correct the same without delay, and as finally settled by the court, shall sign the same, certifying to the same as being true and correct in said proceedings, and order the same filed and made a part of the record in the clerk's office."

It has long been held that where it is not properly shown that the bill of exceptions was filed, it is not part of the record on appeal. *Findling* v. *Findling* (1963), 134 Ind. App. 661, 186 N.E.2d 892; *McCracken* v. *Hunter* (1962), 134 Ind. App. 157, 186 N.E.2d 884. Courts speak only by their records, and an appellate tribunal can only be informed from the record made up of entries by the clerk and the bill of exceptions certified by the trial judge and duly filed with the clerk. *Coney* v. *Farmers State Bank* (1970), 146 Ind. App. 483, 256 N.E.2d 692; *Findling* v. *Findling, supra; Philips* v. *State* (1930), 202 Ind. 181, 172 N.E. 904.

Since all of the specifications of the Motion to Correct Errors require a consideration of the evidence for decision, and because the evidence is not in the record, appellant has not presented any question to this Court upon which the Court can act. Accordingly, the Motion to Dismiss or Affirm filed by the appellant Andrea

Butt is sustained, and the judgment of the trial court is affirmed.

NOTE.—Reported at 289 N.E.2d 159.