FRANK M. RABB *v.* STEPHEN K. MILLER.

[No. 2-374A65. Filed September 13, 1974. Rehearing denied October 28, 1974. Transfer denied February 11, 1975.]

*Frank M. Rabb,* Pro Se, for appellant.

*Lawrence W. Gaston, Jr., Harrison, Moberly & Gaston,* of Indianapolis, for appellee.

PER CURIAM—This cause is pending before the Court on the Motions of the Appellee to Dismiss Appeal or In The Alternative to Affirm the Judgment of the Trial Court. Appellee's first motion addressed itself primarily to the appellant's brief, alleging numerous defects in the brief. Thereafter this Court entered its order granting appellant leave to file an amended brief.

Appellant subsequently filed his amended brief to which appellee filed his second Motion to Dismiss Appeal or in the Alternative to Affirm the Judgment of the Trial Court. This motion alleges as cause therefor multiple defects in the appellant's amended brief.

We have examined the appellant's amended brief and find that it was not prepared in compliance with Rule AP. 8.3, that it is totally insufficient to present any question to this Court for review, and therefore appellee's Motion to Affirm directed to the amended brief must be sustained.

Rule AP. 8.3 (A) (1) requires the appellant's brief to contain a table of contents, with page references, and a table of cases, statutes and other authorities cited, with references to the pages of the brief where they are cited. Page "i" of appellant's brief, here reproduced in full, is as follows:

### AUTHORITIES

Corbin on Contracts _____ Multiple Volume Series 1963
Fuller, Eisenberg—Basic Contract Law _____1972
Simpson on Contracts _____1965
Williston on Contracts _____ Multiple Volume Series 1957

Not only does the table of authorities fail to make reference to the pages of the brief where these authorities are cited, our examination of the brief reveals that they are, in fact, not cited at all at any place in the appellant's brief. Neither is there any other citation of any authority, either by case law, statutes, annotations to legal treatises or other authority. The brief is totally devoid of any authority.

Turning now to appellant's argument, Rule AP. 8.3 (A) (7) requires each error assigned in the Motion to Correct Errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto. The rule continues:

"The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons

in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review."

Appellant's argument is confined to one page of his brief, and reads in its entirety as follows:

### "ARGUMENT

"The lack of any exact cases on point to this case prevents the citations of authorities for cases. It requires that the Brief be considered on its merits. The Arguments for Issues I, II, and III are considered together.

"The Statement of Facts relevant to the Issues presented does not sustain the theory that any contract existed in this case. The Burden of Proof that a contract existed is on the plaintiff in this case. No evidence was presented that in any sense of the words, any meeting of the minds ever occured as the plaintiff alleged.

"The plaintiff did not attempt to try his case on a quantum meruit theory of value of services performed to the defendants. As a matter of fact, the plaintiff's management of the case was disastrous for the defendants and resulted in the violation of their civil and constitutional rights.

"There was no basis in the Rule of Law or Theory of Justice for the decision of the Trial Court Judge which was based on the quantum meruit theory.

"Regarding Issue IV, the Trial Court Judge acknowledged this error and corrected it. (Tr. p. 2A)

### "CONCLUSION

"Based upon the foregoing statement of facts and arguments, the defendant prays that the judgment of the Trial Court be set aside and that all just and proper relief be granted under the circumstances.

"Respectfully Submitted,"

This argument does not comply in any respect to the requirements of Rule AP. 8.3(A)(7). The several statements contained in the argument are merely argumentative assertions. Appellant has not supplied us with the reasons in support of the contentions, any citations to authorities, nor has he made any showing of how the issues and contentions

in support thereof relate to the particular facts of the case under review. Any error appellant seeks to raise on appeal has therefore been waived by appellant's failure to treat it in his argument as required by Rule AP. 8.3(A).

As a further illustration of how we are hampered in any attempt to consider the merits of this appeal, we note the record reveals this cause was a suit on account. After trial, the trial court entered the following judgment:

"JUDGMENT ENTRY

"The Court having this case under advisement at the close of all the evidence, and the Court now being duly advised finds for the Plaintiff and against the Defendants.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff recover from the Defendants the principal sum of Three Thousand Six Hundred and Sixty Four Dollars ($3,664.00) with interest at 6% from July 2, 1971 to date of this judgment.

"Costs assessed against the Defendant."

We glean from appellant's brief that he attempts to argue that the Court erred in awarding judgment on a quantum meruit basis for the value of services rendered as opposed to a judgment on a contract. Because the judgment does not reflect the theory utilized by the Court in arriving at its judgment, the judgment is not subject to the appellant's attempted argument that the Court erred in entering judgment on quantum meruit. Thus, no issue is presented for review even if the argument portion of the appellant's brief had been prepared in compliance with Rule AP. 8.3.

We emphasize that after the first Appellee's Motion to Dismiss or Affirm was filed, we permitted appellant to file an amended brief and ordered that it be prepared in compliance with the requirements of Rules AP. 8.2 and 8.3. Appellant therefore had a second opportunity to prepare a brief which would conform to the rules after the deficiencies of his first brief were pointed out to him. The record reveals appellant

is an educated man, holds the degree Doctor of Medicine, and by occupation is an ophthalmologist. By reason of the level of his education, appellant is presumed to have understood this Court's order which permitted him to file an amended brief to comply with Rules AP. 8.2 and 8.3. No suggestion is made that he was unable to employ counsel to assist him in this appeal. We mention these circumstances to dispel any possible notion that the appellant has been denied basic procedural fairness, that he was not afforded the opportunity to prepare a proper brief, or that the appellant failed to understand his opportunity, or that this Court acted precipitately in ruling on appellee's Motion to Dismiss or Affirm.

The appellee's Motion to Affirm is sustained. The judgment of the trial court is affirmed.

NOTE.—Reported at 316 N.E.2d 458.