JERRY KERKHOF AND DIANE KERKHOF *v.* DEPENDABLE DE-LIVERY, INC., ROBERT CAUBLE, CLARA CAUBLE, FRANK VAN-LANDINGHAM AND ARNOLD RICHARD GIBBS, D/B/A GIBBS & DOTY REALTORS.

[No. 1-575A85. Filed December 16, 1975.]

*J. Michael Hardin*, of Indianapolis, for appellants.

*Harold V. Jones, Jr., Thompson & Jones*, of Columbus, for appellees Dependable Delivery, Inc., Robert Cauble and Clara Cauble. *William H. Andrews, John G. Baker, Baker, Barnhart & Andrews*, of Bloomington, for appellee Gibbs & Doty Realtors.

PER CURIAM—This cause is pending before the Court on the Motion of the appellee Arnold Richard Gibbs, d/b/a Gibbs & Doty Realtors, to Dismiss the Appeal, and the Motion of the appellees Dependable Delivery, Inc., Robert Cauble and Clara Cauble, to Dismiss or Affirm Judgment, each of which motions alleges various defects in the record of the proceedings and in the appellants' brief.

We have carefully examined the record and the appellants' brief, and after such examination, we have reluctantly concluded that the appellants have not presented a record sufficient to support their claimed errors, and they have not presented sufficient argument in their brief to demonstrate reversible error. Accordingly, the Motions to Affirm are sustained.

Turning first to the record, the appellants' Motion to Correct Errors, omitting caption and formal parts, reads as follows:

## "MOTION TO CORRECT ERRORS

"Come now defendants, by counsel, and, pursuant to *Trial Rule 59 of Indiana Rules of Procedure*, moves (sic) the Court to modify the judgment rendered herein on October 17, 1974 as follows:

### I.

"*Issue:* The judgment does not allow for a reasonable rental value for the property for the period the plaintiffs were in possession.

"*Facts:* Testimony and evidence showed that the plaintiffs had possession, occupancy, and use of the premises from June, 1971 until November, 1974,

"*Error:* Disallowance of a reasonable rental value is contrary to law. *(Trial Rule 59, Indiana Rules of Procedure, Section 8).*

"*Grounds:* Defendants rely on the doctrines of equity, unjust enrichment, quasi contract, quantum meruit, rescission, and the decision of the Indiana Supreme Court in the case of *Smeekens* vs. *Bertrand, rendered May 23, 1974, (No. 574S103), 42 Indiana Decisions 74.*

"*Relief:* Defendants pray for an amended judgment in favor of the defendants for $4,171.84, based upon a reasonable rental value of $16,741.94, less the amount paid by plaintiffs of $12,570.10, leaving a balance of $4,171.84.

"II.

"In addition to paragraph I *supra,* defendants move for a new trial on the following grounds:

"(A) The granting of a Summary Judgment in regard to defendants Gibbs and Doty was done in error.

"(B) The admission of hearsay evidence was done in error and was prejudicial to these defendants.

"(C) The admission of parol evidence was done in error.

"(D) The complaint had been cured and did not require rescission."

Point I of the Motion to Correct Errors refers to the testimony and evidence to support the claimed error asserted therein. However, the record does not contain a transcript of the evidence and proceedings at trial. There is inserted in the record, immediately following the motion to correct errors, what appears to be a partial transcription of some evidence. However there is nothing which identifies it as being a part of this case. There is no commencement showing it is a partial transcript of the evidence in this case. There is a reporter's certificate which certifies that "the above and foregoing partial transcript of the testimony is a true and accurate copy of said testimony taken at the trial of this cause." However, the cause is not identified, either by name or number. There is no judge's certificate certifying the same to be true and correct and ordering the same to be filed and made a part of the record in the Clerk's office, as

required by Rule AP. 7.2(A)(4). There is nothing to indicate that the partial transcription of the evidence was filed with the clerk of the trial court and made a part of that Court's record. There is no order book entry showing it was filed, the Clerk's Certificate is silent concerning a transcript of the evidence and proceedings at trial, and the partial transcription of evidence does not bear the file stamp mark of the clerk of the trial court as some indicia that the same had been filed with the clerk. Therefore, the appellants have failed to present a record which supports their first claimed error. See: Rule AP. 7.2(A)(4) *Jackson* v. *Jackson* (1974), 160 Ind. App. 680, 314 N.E.2d 70; *Taylor* v. *Butt* (1972), 154 Ind. App. 196, 289 N.E.2d 159; *Perry* v. *Baron* (1972), 152 Ind. App. 29, 281 N.E.2d 544.

It is basic and fundamental that an appellant has the burden to provide the reviewing court with a record sufficient to permit consideration of the claimed error or errors. *Stypczynski* v. *Kaiser Jeep Corporation* (1973), 156 Ind. App. 78, 294 N.E.2d 830; *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N.E.2d 606.

Since the record filed herein by the appellants does not support the claimed error alleged in Point I of the Motion to Correct Errors, nothing is presented to us for review on this point.

Concerning Point II of the Motion to Correct Errors, none of the four matters raised therein are argued in the appellants' brief. Those matters are therefore waived. Rule AP. 8.3(A)(7) *Willoughby* v. *State* (1975), 164 Ind. App. 676, 330 N.E.2d 120; *Thomas* v. *State* (1975), 164 Ind. App. 647, 330 N.E.2d 325; *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805; *Adkins* v. *Elvard* (1973), 155 Ind. App. 672, 294 N.E.2d 160.

Turning now to the appellants' brief, the statement of the issues presented for review is as follows:

"I.

"STATEMENT OF THE ISSUES PRESENTED
FOR REVIEW

"1. The judgment rendered herein on October 17, 1974, did not allow for a reasonable rental value for the property for the period the Appellees (Plaintiff below) were in possession.

"2. To complete the rescission, the real estate brokers should repay the commission of $1,500.00 to the. Appellants, Jerry Kerkhof and Diane Kerkhof."

As to Point. I of the issues presented for review, it has previously been pointed out that the record does not support this contention of error. As to Point 2 of the issues presented for review, it is not argued in the appellants' brief. Appellants merely ask this Court to order the real estate brokers to repay their commission to the appellants.

The total argument section of appellants' brief is defective because it merely complains generally that the Court failed to award appellants the fair rental value of the real estate during the time the plaintiffs were in possession. It contains no specific arguments, with specific citations of authority and an explanation of how the authority supports the claimed error. In fact, there is only one citation of authority in the appellants' complete nine page brief, and there is no specific showing of how that authority is applicable to the facts of this case. Therefore, even if it had been supported by the record, that claimed error is waived. Rule AP. 8.3 (A) 7 *Citizens National Bank of Grant County* v. *Harvey* (1975), Ind. App., 334 N.E.2d 719; *Willoughby* v. *State, supa; Thomas* v. *State, supra; Williams* v. *State, supra; Adkins* v. *Elvard, supra.* Furthermore, in comparing the prayer for damages in the plaintiffs' complaint with the prayer for damages in the defendants' counterclaim, for aught that appears in the record, the trial court *did* give defendants credit for rental value against the plaintiffs' prayer for damages.

If the brief alone were defective we would permit the

appellants to file an amended brief as was done in *Rabb* v. *Miller* (1974), 161 Ind. App. 471, 316 N.E.2d 458 and *Haynes* v. *Haynes* (1975), 167 Ind. App. 55, 337 N.E.2d 580. However, since in this case, the record of the proceedings filed by appellants is also defective and does not support the claimed errors in the motion to correct errors, rebriefing in this case would be to no avail.

The appellees' Motions to Affirm are sustained and the judgment of the trial court is affirmed.

NOTE.—Reported at 338 N.E.2d 513.