**Michael J. ADAMS, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 53A04–8809–CR–00309.**

Court of Appeals of Indiana,
Fourth District.

June 20, 1989.

David J. Colman, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

On September 16, 1987, defendant-appellant Michael J. Adams was charged with Operating a Vehicle while Intoxicated, a Class A misdemeanor (Count I), and Operating a Vehicle with .10%, or more, by weight of alcohol in his blood, a Class C misdemeanor (Count II).[1] Trial by jury was held on March 17, 1988. During trial, the court asked Adams if he had any objections to the court's proposed final instructions. Adams objected to Instruction No. 13 on the basis that it was (1) confusing and incomplete, (2) an incorrect statement of the law and, (3) an improper attempt to encompass two legal principles into one

instruction. The court overruled this objection and Instruction No. 13 was given to the jury. Adams was acquitted on Count I and convicted on Count II. The only issue presented for review is:

Whether the trial court erred in giving final jury Instruction No. 13.

DECISION

Final jury Instruction No. 13, provided: Therefore, if you find beyond a reasonable doubt:

(1) That a breathalyzer test was administered by a properly selected, trained and certified chemical breath test operator;

(2) That the chemical breath test equipment and chemicals were properly selected and certified;

(3) That the chemical breath test was administered using the proper technique certified by the director of the Department of Toxicology of the Indiana University School of Medicine; and

(4) That there was ten hundredths percent (0.10%), or more by weight of alcohol, in the Defendant's blood at the time and place charged in the information, then you may find the Defendant guilty of Operating While Intoxicated, unless evidence in the case contradicts that conclusion, and you may find the Defendant guilty of Operating with a 0.10% Blood Alcohol Content.

We note that jury instructions lie largely within the trial court's discretion. *Walker v. State* (1986), Ind., 497 N.E.2d 543; *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056. Instructions are to be considered as a whole and in reference to each other, and an error in a particular instruction will not require a reversal unless the error is such that the whole charge of which it forms a part misleads the jury as to the law of the case. *Id.; Jennings v. State* (1987), Ind., 514 N.E.2d 836; *Thomas v. State* (1987), Ind., 510 N.E.2d 651; *Hudson v. State* (1986), Ind., 496 N.E.2d 1286. Moreover, any error in giving or refusing an instruction is harmless when the conviction is

---

1. Adams was also charged with failure to possess a valid registration in violation of Ind.Code § 9-1-4-1. However, upon motion by the State, this charge was dismissed the day of trial.

clearly sustained by the evidence and the jury could not properly have found otherwise. *Walker, supra; Cheney v. State* (1985), Ind., 486 N.E.2d 508; *Battle v. State* (1981), 275 Ind. 70, 415 N.E.2d 39.

While Adams's brief contains what purports to be a verbatim copy of Instruction No. 13 (quoted above), Adams has failed to include any of the other final jury instructions with the transcript of the proceedings. As noted, jury instructions in a criminal prosecution should be considered in reference to each other when determining whether the trial court erred in its charge to the jury and this is critical when, as here, the instruction is challenged as being incomplete and confusing. Our courts have long held that no single jury instruction should be evaluated separately from all the instructions given to the jury. *Correll v. State* (1985), Ind., 486 N.E.2d 497; *Hughes v. State* (1983), Ind., 453 N.E.2d 275. As the final jury instructions are not included in the record on appeal, it is impossible for us to consider Instruction No. 13 in reference to the other jury instructions.

It is the appellant's duty to present this court with an adequate record on appeal. Where he fails to do so, the issue is deemed waived. *Stallings v. State* (1987), Ind., 508 N.E.2d 550, 552; *Jackson v. State* (1986), Ind., 496 N.E.2d 32, 33. In the recent case of *Rondon v. State* (1989), Ind., 534 N.E.2d 719, 729, our supreme court stated:

> To exercise his right to appeal, an appellant is required to present a complete record to the reviewing court. *Smith v. State* (1981), Ind., 422 N.E.2d 1179. Without both doctors' reports in the record, we cannot make an intelligent and complete review of the trial court's determination of appellant's competency. Failure of appellant to provide a copy of the doctor's report precludes our review of the alleged error. *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331.

In the case before us, Adams has failed to include the final jury instructions with the transcript of the proceedings. Generally, this would preclude our review of the alleged error. *Rondon, supra.*

■ We observe that there might be a question as to whether, under these circumstances, this court is *required* to order the transmission of the omitted material pursuant to Ind.Rule of Procedure, Appellate Rule 7.2. A.R. 7.2(B) provides:

> (B) Portion of the Record Sent to Court on Appeal. *The appellant shall designate only those parts of the record to be transmitted to the court on appeal, in which event the other parts shall be retained in the trial court unless thereafter the court on appeal shall order, or any party shall request, the transmission of some or all the other parts of the record. Parts which are not transmitted to the court on appeal shall nevertheless be a part of the record on appeal for all purposes.* Unless otherwise indicated, the clerk shall transmit the whole record to the court on appeal. *Neither party shall request parts of the record or a transcript of the proceedings which are not needed for the issues to be asserted upon the appeal,* including without limitation the following: The pleadings or parts thereof not related to a claimed error; the verdict, when the form, language or its scope is not in issue; evidence or parts thereof which is not involved in the appeal or related to the error claimed; instructions, tendered instructions, findings or proposed or omitted findings which are not in issue; evidence, other instructions or findings or pleadings or parts thereof which are not particularly related to instructions, tendered instructions, findings, or proposed or omitted findings claimed to be erroneous; or motions and orders or rulings thereon not connected with the error claimed.

(emphasis added)

This subsection deals with cases where the trial record is complete, that is, there are no misstatements or omissions therein. It encourages the parties to present on appeal only those parts of the record necessary to resolve the issues. All other parts of record are retained in the trial court unless this court, or one of the parties, requests the transmission of additional parts of the

record. Thus, if material necessary for determination of an issue is omitted from the record on appeal, a party may petition to supplement the record to include the omitted material. If a party so petitions, we hold this court is required to grant that petition under the language of this subsection.

Although this court, on its own initiative, can order additional parts of the record in order to complete the record on appeal, we do not believe the language of subsection (B) requires us to do so. We are aware that subsection (B) provides that parts of the record not transmitted to this court "shall nevertheless be a part of the record on appeal for *all* purposes." However, the record must be brought to our attention, that is, we can only consider those matters contained in the record of proceedings submitted to this court. *Dellenbach v. State* (1987), Ind.App., 508 N.E.2d 1309. Our supreme court has consistently held that it is the appellant's duty to present a complete record to the reviewing court, and the failure to do so waives any alleged error based upon absent material. *Rondon, supra; Stallings, supra; Jackson, supra; Cox v. State* (1985), Ind., 475 N.E.2d 664.

Subsection (C) of the Rule also contains language with regard to the incompleteness of the record. It reads:

(C) Correction or Modification of the Record. If, on appeal, any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record or is misstated therein, the trial court shall

(1) either before or after the record is transmitted to the court on appeal, or

(2) upon the order of the court of appeal pursuant to the motion of a party or on its own initiative, correct the omission or misstatement and if necessary certify

and transmit a supplemental record. *Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits.*

Affidavits may be filed in support of a motion hereunder. The respective parties may file briefs but oral argument will not be heard. Any court on appeal shall have full power to compel any inferior court, board, or officer exercising judicial functions, or other person, to certify to such court a full and complete transcript of the records and proceedings of any such tribunal, board, officer or person, and the production of any paper, whenever it shall be necessary for the proper determination of any causes or proceeding pending before the court of appeal. The breach of any order may be punished as a contempt.

(emphasis added)

This subsection deals with omissions and misstatements in the trial court record (as opposed to incompleteness of the record on appeal due to a party's failure to present all the necessary parts under subsection (B)).[2] It provides a method by which a party, or the appeals court, can obtain a correction of the trial court's record either before or after the record is transmitted to the court on appeal. The language in this subsection that "incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits," applies only to the situation where mistakes or omissions in the trial record have been corrected. This language means that once the trial record has been corrected under this subsection, the corrected record prevails on appeal. When the corrected record does not reveal any grounds for dismissal or waiver of an issue, the appeal will be heard on the merits. Thus, the language of subsection (C), regarding "incompleteness or inadequacy of the record" applies to an

---

2. The last two sentences of subsection (C) appear to be general statements of the power of the appeals court to order a full and complete transcript of the records and proceedings of any tribunal whenever this court deems it necessary for proper determination of a cause on appeal. This paragraph seems unrelated to subsections (B) or (C) and may be more appropriate in a separate subsection under this rule.

incorrect record which has been corrected and does not preclude this court from waiving an issue not properly presented under A.R. 7.2(B). In discussing subsection (C) our supreme court has stated:

> The intent of the rule [A.R. 7.2(C)] is to provide a method whereby the parties or the appellate court may correct mistakes or omissions in the record following the certification of the record. We do not believe the intent of the rule is to shift, from appellant to the appellate court, the duty to provide an adequate record for review. The rule is not meant to permit an appellant to raise an issue in his brief and then leave it to the appellate court to order up the necessary record to review the issue.... The use of Ind.R.App.P. 7.2(C) is to be limited to those circumstances it was intended to cure. It is not to be used as a substitute for the duties clearly placed on an appellant by the other portions of Ind.R.App.P. 7.2.

*Cox*, 475 N.E.2d at 667.

■ So we conclude that if during the course of briefing or during the course of the appeal, a party becomes aware that parts of the record necessary for determination of an issue on appeal have been omitted, that party may petition to supplement the record to include the omitted material pursuant to A.R. 7.2(B). If during the course of briefing or during the course of appeal a party becomes aware of a critical omission or misstatement in the trial court record, that party may petition to correct the omission or misstatement pursuant to A.R. 7.2(C). It is apparent that these two subsections mandate that this court review a supplemental record or a corrected record, but only if the parties act to supplement or correct it. The failure of the parties to present an adequate record to the reviewing court generally waives any alleged error based upon absent material. *Rondon, supra; Dellenbach, supra.* A.R. 7.2 does not shift the duty to provide an adequate record on appeal from the appellant to the appellate court. *Cox, supra.*

■ Despite the element of waiver in this case, we note that Adams has failed to show reversible error on this issue. The crux of Adams's argument is that Instruction No. 13 confused the jury and prejudiced his defense. Adams claims the instruction is improper because it attempts to encompass two principles of law into one instruction in violation of Ind.Rule of Procedure, Trial Rule 51(D), which provides: "each tendered instruction shall be confined to one relevant legal principle." However, Instruction No. 13 is confined to one relevant legal principle, that is, when can the jury properly consider the chemical test results presented at trial. Instruction No. 13 tells the jury that if the stated factors are found beyond a reasonable doubt, they may consider the chemical test results in reaching their decision. The fact that Instruction No. 13 allows the jury to consider the test results as to both offenses charged, does not render the instruction erroneous.

■ Adams also argues Instruction No. 13, as it relates to the offense of Operating with a .10%, or more, Blood Alcohol Content, is erroneous because it fails to advise the jury of their right to consider contradictory evidence. As such, Adams claims the jury was compelled to find him guilty, if the other stated factors were found beyond a reasonable doubt. First, we note that Adams does not cite any authority in his brief for this proposition. Second, Instruction No. 13 is not mandatory. It states: "therefore if you find beyond a reasonable doubt ... you *may* find the defendant guilty...." Thus, the jury was not compelled to find Adams guilty. Finally, Instruction No. 13 is not an incorrect statement of the law—at most, it is an incomplete statement of the law. "A party may not complain an instruction is incomplete, when such party does not tender a more complete instruction." *FMC Corp. v. Brown* (1988), Ind.App., 526 N.E.2d 719, 731. The record does not contain any instruction tendered by Adams on the jury's right to consider contradictory evidence. Therefore, no error exists.[3] The decision of the trial court is affirmed.

---

3. In his brief Adams also asserts that his trial

counsel's affidavit, attached to his motion to

CONOVER, P.J., concurs.

SHIELDS, J., concurs in result.

correct errors, should be considered by this court in determining whether the giving of Instruction No. 13 was reversible error. The affidavit alleges that: (1) the judge in this cause was serving as Judge Pro Tem, (2) Instruction No. 13 was part of a group of jury instructions routinely prepared for the court by the regular judge's law clerk and, (3) the regular judge of this court does not present Instruction No. 13 as part of the court's proposed final instructions because, in his belief, it is an improper statement of the law. We note that an affidavit is generally a statement of facts personally known to the affiant, that is, the affiant could testify as to such facts to trial. Here the affidavit was based on statements made by a third party to the affiant. *See Joy v. State* (1984), Ind.App., 460 N.E.2d 551 (affidavit was hearsay when based on statements made by third party to affiant). Moreover, the judge's opinion (or even the attorney's) that Instruction 13 is erroneous, is purely a legal conclusion and is also not admissible at trial. *Breese v. State* (1983), Ind. App., 449 N.E.2d 1098, 1111. We may not consider this affidavit on appeal.