Don W. MINDER, Robert L. Snedeker, and Woodridge Homeowners Association, Inc., Appellants,

v.

MARTIN LUTHER HOME FOUNDATION, a Nebraska Corporation, Appellee.

No. 61A04–8908–CV–00341.

Court of Appeals of Indiana, Fourth District.

Aug. 13, 1990.

Myrl O. Wilkinson, Timothy R. Hayes, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, for appellants.

Jordan D. Lewis, Lewis and Lewis, Terre Haute, for appellee.

## MEMORANDUM DECISION

MILLER, Presiding Judge.

Plaintiff-homeowners sought a declaratory judgment which would have prohibited, as a violation of deed restrictive covenants, the presence of an adult group home, the Martin Luther Home Foundation, in their subdivision. The trial court granted summary judgment in favor of the adult home. The majority of this court agrees with the trial court.

This case presents the same question raised in *Clem v. Christole, Inc.* (1990), Ind.App., 548 N.E.2d 1180 which held that the 1988 amendment of the adult group home statute (Ind.Code 16–13–21–14.1) authorizing the location of group homes for developmentally disabled and mentally ill persons in single family residential subdivisions did not constitute a valid retroactive exercise of the state's police power. The amendment provided that such restrictions were void as against the public policy of the state. The majority of the court held that the amendment was not a valid retroactive exercise of the state's police power and that the proposed group homes violated the subdivision's restrictive covenants because they were a commercial, not a residential, use. The writer of this opinion dissented, stating:

> "The group homes in this case do not violate the restrictive covenants contained in the respective deeds. There is no dispute that both homes are the type of building—single family dwelling—permitted by the covenants. Further, the uses are residential and not the business uses prohibited by the covenants."

*Id.* at 1187 (Miller, J. dissenting).

The dissent further stated that, if the constitutional issues were of significance in the appeal, case law mandated that the retroactive provision in the statute: (1) did not violate due process, and (2) did not

unconstitutionally impair the residents' contracts because it was a legitimate and narrowly drawn exercise of the police power.

As noted, the majority here agrees with the conclusion of the dissent in *Clem, supra*. It is therefore unnecessary to restate the reasons.

■ The homeowners also raise one other issue. They claim the trial court improperly converted the home's Motion to Dismiss into a summary judgment. The court held a hearing and stated in its judgment that it had heard evidence and therefore was making the conversion pursuant to Ind. Rules of Procedure, Trial Rule 12. Homeowners claim there was no evidence at the hearing, but have failed, even after briefing revealed that the record of the hearing was not included in the record of proceedings, to bring that record before us. The trial court's judgment stated that evidence was heard at that hearing, and it is the homeowners' responsibility to show this court that the situation was otherwise. In *Adams v. State* (1989), Ind.App., 539 N.E.2d 985, this court, citing numerous supreme court decisions,[1] stated "our supreme court has consistently held that it is the appellant's duty to present a complete record to the reviewing court, and the failure to do so waives any alleged error based on absent material." *Id.* at 988.

The judgment of the trial court is affirmed.

CHEZEM, J., concurring in result.

GARRARD, J., dissenting with opinion.

GARRARD, Judge, dissenting.

Six months ago in *Clem v. Christole* (1990), Ind.App., 548 N.E.2d 1180 this district decided that IC 16–13–21–14 concerning so-called group homes could not survive constitutional challenge to the extent that it attempted to declare theretofore valid and existing restrictive covenants in private residential subdivisions invalid. In so deciding the *Clem* court followed this district's earlier decision in *Adult Group*

*Properties v. Imler* (1987), Ind.App., 505 N.E.2d 459 which dealt with a prior version of the same statute. Today the court overrules those decisions and I have concluded that I must dissent.

I consider it important to point out at the beginning that (1) I accept the notion of the social utility of providing homes for the developmentally disabled in ordinary residential areas and the power of the legislature to support it; and (2) I strongly suspect that those opposing the location of such a group home in a residential neighborhood are reacting emotionally and irrationally. It is precisely for these reasons that I dissent. For our constitution means nothing if it may be invoked only against "bad" laws. If that be the case we are left to the mercy of some individual's or small group's momentary view of what appears good or bad.

There can be no doubt that the restrictive covenants adopted when this subdivision was created were valid and enforceable at that time. To the extent we are concerned here, they simply limit the area to single family dwellings and residential purposes. Commercial and business uses within the area are prohibited.

The statute in question, IC 16–13–21–14, purports to declare all such restrictions created prior to April 1, 1988 void to the extent that they would prohibit the use of the property as a residential facility for developmentally disabled or mentally ill persons.

Article 1, § 24 of the Constitution of the State of Indiana provides simply and clearly:

No ex post facto law, or law impairing the obligation of contracts shall ever be passed.

As our supreme court held in *Pulos v. James* (1973), 261 Ind. 279, 302 N.E.2d 768, in invalidating a legislative attempt to allow zoning authorities to alter plats and change or delete restrictive covenants contained in them,

---

1. *Rondon v. State* (1989), Ind., 534 N.E.2d 719; *Stallings v. State* (1987) Ind., 508 N.E.2d 550;

*Jackson v. State* (1986), Ind., 496 N.E.2d 32; and *Cox v. State* (1985), Ind., 475 N.E.2d 664.

... the Legislature may prohibit contracts that are against public policy, [but] it, nevertheless, may not impair previously legal contracts after the rights thereunder have vested.

302 N.E.2d at 775.

Additionally, the court in *Pulos* found that restrictive covenants in plats create property rights in the grantees that cannot be taken without due process of law and the payment of just compensation. 302 N.E.2d at 771.

Perhaps there is an equal protection argument that would invoke the supremacy of the federal constitution in favor of the developmentally disabled, but if there is, it has not been made.

Despite its salutary purposes, IC 16–13–21–14 violates the Indiana Constitution. It cannot, therefore, be permitted to stand.

I dissent.