Don W. MINDER, Robert L. Snedeker, and Woodridge Homeowners Association, Inc., Appellants (Plaintiffs Below),

v.

MARTIN LUTHER HOME FOUNDA-TION, a Nebraska Corporation, Appellee (Defendant Below).

61S04–9112–CV–951.

Supreme Court of Indiana.

Dec. 4, 1991.

Myrl O. Wilkinson, Timothy R. Hayes, Patrick Wilkinson Goeller & Modesitt, Terre Haute, for appellants.

Jordan D. Lewis, Lewis & Lewis, Terre Haute, for appellee.

DICKSON, Justice.

The opinion in this case and its companion, *Clem v. Christole, Inc.* (1991), Ind., 582 N.E.2d 780, are being handed down contemporaneously. Like *Clem*, this is an appeal from a summary judgment in which the trial court applied Ind.Code § 16–13–21–14 to invalidate the application of subdivision restrictive covenants to the operation of a group home for developmentally disabled persons. Rejecting arguments including a claim that the statute violates the contract clause of the Indiana Constitution, the Court of Appeals affirmed. *Minder v. Martin Luther Home Foundation* (1990), Ind.App., 558 N.E.2d 833. In accord with our decision today in *Clem*, we grant transfer.

Plaintiffs–Appellants Don W. Minder, Robert L. Snedeker, and the Woodridge Homeowners Association, Inc., here seek relief against the defendant Martin Luther Home Foundation which had acquired a lot in the plaintiffs' subdivision for the purpose of operating a group home for developmentally and mentally handicapped persons. The plaintiffs asserted that the proposed use would violate various provisions of the applicable restrictive covenants. In entering summary judgment in favor of the defendant, the trial court did not reach whether defendant's operation of the group home was violative of the restrictive covenants. The determinative issue was whether or not Ind.Code § 16–13–21–14 was constitutional. Because of the reasons expressed today in *Clem*, we hold that the trial court erred in granting summary judgment for the defendant.

Transfer is granted. Summary judgment is reversed, and this cause is remanded to the trial court to determine whether the proposed group home violates the restrictive covenants and to proceed accordingly.

SHEPARD, C.J., and GIVAN, J., concur.

DeBRULER and KRAHULIK, JJ., dissent and would affirm summary judgment for the defendant.