**Isobel ADAMSON, Individually and as Substitute Personal Representative of the Estate of Thomas Adamson, Deceased, Appellant–Plaintiff,**

v.

**NORWEST BANK, NA, Appellee–Defendant.**

No. 71A05–9211–CV–387.

Court of Appeals of Indiana, Fifth District.

Feb. 25, 1993.

Robert J. Palmer, John H. Peddycord, May, Oberfell & Lorber, South Bend, for appellant-plaintiff.

Thomas H. Singer, Carmen M. Piasecki, South Bend, for appellee-defendant.

**SHARPNACK, Chief Judge.**

The appellant-plaintiff Isobel Adamson, individually and as substitute personal representative of the estate of Thomas Adam-son, brings this interlocutory appeal under Ind. Rules of Procedure, Appellate Rule 4(B)(1), claiming that the trial court's order requiring her to include additional material in the record for purposes of appeal, at her own expense, is contrary to law. We agree and reverse.

On May 11, 1990, Adamson filed a complaint for damages against First Interstate Bank, now Norwest Bank Indiana, N.A., alleging negligence, breach of fiduciary duty, legal malpractice and promissory estoppel. Following a trial in July of 1992, the jury returned a verdict in favor of Adamson in the amount of $11,136.05. In August of 1992, Adamson filed a motion to correct error, raising as error the adequacy of the damages. The trial court denied Adamson's motion two weeks later.

On September 18, Adamson filed a praecipe for the record of proceedings, requesting only those items she believed were necessary to appeal the issue of the adequacy of her damages. Three days later, Norwest Bank asked the trial court to compel Adamson to obtain a complete transcript of the evidence for purposes of her appeal. On October 6, the trial court granted Norwest's request.

The trial court's ruling and order reads in relevant part as follows:

### RULING

*Rule A.R. 7(c)* allows the trial court to correct the record on appeal. The Court is familiar with the proceedings and the course of the trial herein. Plaintiff has designated in the praecipe the testimony only of three of her witnesses and no others. The record would not be complete for the Court of Appeals to consider conflicts in the evidence which the jury had to decide. The omitted testimony is material on appeal.

### ORDER

IT IS ORDERED THAT:

1. The Clerk transmit to the Court of Appeals all papers in the Clerk's files and the CCS [Civil Chronological Case Summary].

2. The Court Reporter prepare for docketing the testimony of all witnesses, appellant Adamson to bear the cost.

(Record, p. 34.)

We now address the following restated issue raised by Adamson: may a trial court order the clerk of the court not only to transmit to the court of appeals all papers in the clerk's files and the CCS, but also to transcribe the testimony of all witnesses, with Adamson to bear the cost, when Adamson did not request either copies of the papers or transcription of the witnesses in her praecipe.

█ We begin our analysis by stating that it is the appellant's duty to present an appellate court with an adequate record on appeal and that, when the appellant fails to do so, the appellant is deemed to have waived any alleged error based upon missing material. *Adams v. State* (1989), Ind. App., 539 N.E.2d 985, 987–988.

According to App.R. 7.2(A), the record of the proceedings shall consist of the following documents:

"(1) A copy of the praecipe and where used a copy of the Motion to Correct Error....

(2) Copies of all papers filed or offered to be filed with the clerk of the trial court during the course of the action, and a copy of the order book entries. The term 'papers' shall include without limitation all process, pleadings, motions, and other written documents....

(3) The transcript of the evidence and the proceedings at trial....

(4) The transcript of the proceedings at the trial, including all papers, objections and other matters referred to above shall be presented to the judge who presided at the trial, who shall examine the same [and,] if not true, correct the same without delay, and as finally settled by the court, shall sign the same, certifying to the same as being true and correct in said proceedings, and order the same filed and made a part of the record in the clerk's office."

App.R. 7.2(B) governs what portions of the record should be sent to the court on appeal:

"The appellant shall designate only those parts of the record to be transmitted to the court on appeal, in which event the other parts shall be retained in the trial court unless thereafter the court on appeal shall order, or any party shall request, the transmission of some or all the other parts of the record. Parts which are not transmitted to the court on appeal shall nevertheless be a part of the record on appeal for all purposes. Unless otherwise indicated, the clerk shall transmit the whole record to the court on appeal. Neither party shall request parts of the record or a transcript of the proceedings which are not needed for the issues to be asserted upon the appeal, including without limitation the following: ... evidence or parts thereof which is not involved in the appeal or related to the error claimed...."

Finally, App.R. 7.2(C) states that,

"[i]f, on appeal, any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record or is misstated therein, the trial court shall

(1) Either before or after the record is transmitted to the court on appeal, or

(2) Upon the order of the court of appeal pursuant [to] the motion of a party or on its own initiative

correct the omission or misstatement and if necessary certify and transmit a supplemental record. Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits."

█ The intent of App.R. 7.2(C) is "to provide a method whereby the parties or the appellate court may correct mistakes or omissions in the record following the certification of the record." *Cox v. State* (1985), Ind., 475 N.E.2d 664, 667. The intent of the rule is not to shift the duty to

provide an adequate record for review from the appellant to the appellate court. *Id.* Furthermore, "[t]he use of [App.R.] 7.2(c) is to be limited to those circumstances it was intended to cure. It is not to be used as a substitute for the duties clearly placed on an appellant by the other portions of [App.R.] 7.2." *Id. See also Adams v. State* (1989), Ind.App., 539 N.E.2d 985, 988 (App.R. 7.2(C) deals with omissions and misstatements in the trial court record as opposed to incompleteness of the record on appeal due to a party's failure to present all the necessary parts under App.R. 7.2(B)).

■ Adamson's argument unfolds as follows. First, she argues that she has included all of the documents in the record of the proceedings that App.R. 7.2(A) requires. Second, she argues that App.R. 7.2(B) gives her the authority to designate which parts of the record are to be transmitted to the court on appeal. Third, she argues that she has followed App.R. 7.2(B) in that she has not requested parts of the record or portions of the transcript unnecessary to the issue she intends to assert on appeal. Fourth, she contends that, pursuant to *Cox,* App.R. 7.2(C) does not provide the trial court with the power to require her to add material to the record, at her own expense, which she has not requested in her praecipe. Adamson argues that *Cox* merely provides a trial court with a method whereby the trial court may correct mistakes or omissions in the record. As follows from Adamson's argument, just as the intent of the rule is not to shift from the appellant to the appellate court the duty to provide an adequate record for review, neither is the intent of the rule to shift, from appellant to the trial court, the duty to provide an adequate record for review.

Norwest counters by arguing that the trial court solved the problem of Adamson's allegedly inadequate record for re-

view in an efficient and expeditious manner. While that may be true, the trial court exceeded its authority in doing so. As the fourth district set out in *Adams v. State* (1989), Ind.App., 539 N.E.2d 985, 989, if a party discovers during the course of briefing or during the course of an appeal that parts of the record necessary for resolution of an issue on appeal have been omitted, that party may petition to supplement the record to include the omitted material pursuant to App.R. 7.2(B). As for who should bear the costs of additions to the record, we turn to *Briggs v. Clinton County Bank & Trust Co.* (1983), Ind. App., 452 N.E.2d 989.

In *Briggs,* the second district considered whether an appellee could recover the costs of additional transcripts filed by the appellee in an appeal. The appellee argued that, pursuant to App.R. 15(H), the appellant should be assessed the cost for the additional transcript which the appellee had to file in the appeal.[1] In its analysis, the court stated:

"When the record is incomplete, the appellee need not file an additional transcript. He may, however, point out the omissions of the appellant. We may then, in our discretion, order the additional evidence or documents transcribed. *See* App.R. 7.2(C)(2). In addition, if the appellee feels constrained to praecipe portions of the record and to submit those portions to us, we may, in appropriate instances, tax the costs thereof to the appellant. If appellee does not respond to the record as submitted by appellant, [appellee] risks our acceptance of appellant's argument and reversal of the judgment upon grounds of insufficient evidence."

*Briggs,* 452 N.E.2d at 1013–1014.

The *Briggs* court determined their situation to be an appropriate instance to tax the costs of providing an additional tran-

---

1. According to App.R. 15(H):
   "(1) When the judgment is affirmed in whole, the appellee shall recover costs; and when the judgment is reversed in whole the appellant shall recover costs in the court on appeal and the court below. In all other cases costs shall be awarded as the court may deem right following, as nearly as possible, the general regulation for awarding costs.
   (2) The fee paid for procuring the transcript, the costs of serving and notice of appeal are a part of the costs of the court on appeal."

script to the appellant. The court found the appellant's record to be distorted and confusing—a hodgepodge of documents and evidence presented in no chronological order. The court noted that some relevant testimony and documents, which would have reflected adversely upon the appellant, were noticeably lacking. The court further noticed that highly relevant evidence was omitted. Finding that the appellee's record had aided the court's review of the issues presented, the court held that the appellant should be charged for the costs of the additional transcript.

Following *Adams, Briggs*, and our appellate rules, if Norwest discovers during the course of the appeal that parts of the record necessary for resolution of an issue have been omitted, Norwest may choose to point out the appellant's omissions to the reviewing court, whereupon the reviewing court may order the additional evidence or documents transcribed. In addition, Norwest may petition to supplement the record to include the omitted material after which the reviewing court may, if appropriate, tax the costs of the additional portions of the record to Adamson.

For the reasons set out above, we reverse the trial court's order directing the clerk to transmit papers to this court and ordering the court reporter to prepare for docketing the testimony of all witnesses at Adamson's expense.

REVERSED.

RUCKER and BAKER, JJ., concur.