**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 12 2013, 5:35 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DEREK LEE MORRIS**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEREK LEE MORRIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1304-CR-367 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE MARION SUPERIOR COURT**
The Honorable Amy J. Barbar, Judge
Cause No. 49G02-0511-FA-193247

**November 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

After completing four courses while incarcerated, Derek Lee Morris ("Morris"), was denied educational credit time by the Indiana Department of Correction. Morris thereupon filed a petition for credit time with the trial court, which was denied. Morris appeals and argues that the trial court erred and abused its discretion by denying his petition.

We affirm.

**Facts and Procedural History**

Pursuant to Ind. Code Section 35-50-6-3.3(b) a person serving a sentence in the Indiana Department of Correction may request and receive credit toward his sentence for completing approved educational programs. Morris claims that he completed four such courses while serving time in the Indiana Department of Correction. Morris's record on appeal contains four certificates: work experience certificate, celebrate recovery program, reclaiming reality program, and making a life change program.

Apparently, Morris requested, but was denied credit by the Indiana Department of Correction. Morris then filed a Petition for Credit Time Not Previously Awarded by the Department of Correction. The trial court denied Morris's petition without a hearing. Morris now appeals.

**Decision and Discussion**

Morris argues the trial court erred and abused its discretion by denying his petition for educational credit time. However, Morris fails to present a record that includes the trial court's order denying his claim, or any evidence from the Indiana Department of Correction denying his request for credit. "It is the appellant's duty to present this court

2

with an adequate record on appeal. Where he fails to do so, the issue is deemed waived." Adams v. State, 539 N.E. 2d 985, 987 (Ind. Ct. App., 1989). Indiana Appellate Rule 50 (B)(1) states that, "The appellant's Appendix in a Criminal Appeal shall contain a table of contents and copies of the following documents, if they exist:… (e) any record material relied on in the brief unless the material is already included in the Transcript;…" Because Morris fails to present a complete record, his argument is waived.

Waiver notwithstanding, Morris presents no claim upon which relief can be granted. Because Morris does not claim a facial sentencing error, his petition must be treated as a petition for post-conviction relief pursuant to Ind. Post–Conviction Rule 1. Indiana Code Section 35-50-6-3.3 provides in relevant part that a person is entitled to educational credit time if the person:

(1) is in credit Class I;

(2) has demonstrated a pattern consistent with rehabilitation; and

(3) successfully completes the requirements to obtain

. . .

(C) A certificate of completion of a literacy and basic life skills program approved by the department of correction.

The intent behind the educational credit time statute is to enhance rehabilitation by providing incentive to further one's education while incarcerated. McGee v. State, 790 N.E.2d 1067, 1070 (Ind. Ct. App. 2003), trans. denied. But when educational credit time is denied, a person must exhaust his administrative remedies within the Indiana Department of Correction before appealing to a court because determinations altering

3

credit time are the responsibility of the Indiana Department of Correction. Members v. State, 851 N.E.2d 979, 983 (Ind. Ct. App. 2006). Our record on appeal reflects that Morris did not present any evidence in the trial court that he has exhausted his remedies within the Indiana Department of Correction.

**Conclusion**

For all of these reasons, we affirm the trial court's denial of Morris's petition for the credit time he seeks.

Affirmed.

NAJAM, J., and BROWN, J., concur.