**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 13 2014, 9:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN M. KOLBUS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**CHRISTINA D. PACE**
Deputy Attorneys General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF:  A.H., Jb.H., and Je.H., CHILDREN IN NEED OF SERVICES, )<br>)<br>) | |
| C.P., ) | |
|     Appellant-Respondent, ) | |
| ) | |
|         vs. ) | No. 34A05-1401-JC-1 |
| ) | |
| THE INDIANA DEPARTMENT OF CHILD SERVICES , )<br>) | |
|     Appellee-Petitioner. ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause Nos. 34C01-1307-JC-200, 34C01-1307-JC-201, 34C01-1307-JC-202

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

A.H., Jb.H., and Je.H. (collectively the "Children") are the children of Appellant-Respondent C.P. ("Mother") and C.H. ("Father"). Following their parents' divorce, the Children resided with Mother.[1] On July 16, 2013, Appellee-Petitioner the Indiana Department of Child Services ("DCS") filed petitions alleging that the Children where children in need of services ("CHINS") after receiving reports of physical abuse by Mother against the Children. The Children were removed from Mother's home and placed in Father's home.

Following an evidentiary hearing, the juvenile court determined that the Children are CHINS. The juvenile court subsequently conducted a dispositional hearing, after which it continued the Children's placement with Father and ordered certain services for both the Children and Mother. On appeal, Mother contends that the evidence is insufficient to sustain the juvenile court's determination that the Children are CHINS. Mother also contends that the dispositional order does not meet the requirements set forth in Indiana Code section 31-34-19-6. We affirm.

---

[1] Mother and Father are also the parents of an older child, An.H., who, due to allegations of physical abuse by Mother, resided with Father at all times relevant to the instant appeal.

## FACTS AND PROCEDURAL HISTORY

The Children are the children of Mother and Father. DCS became involved with the Children and initiated CHINS proceedings after receiving reports of physical abuse against the Children by Mother. Specifically, DCS received a report that on July 12, 2013, Mother punished Jb.H. for accidently hitting Je.H. with a book by lifting Jb.H. out of a chair by the collar, placing her hands around his throat, pushing him against the wall in his bedroom, and slamming him against the wall "about five times." Appellee's App. pp. 18, 22, 26. Jb.H. reported having a headache for several hours after the incident. Both A.H. and Je.H. reported that they witnessed the July 12, 2013 incident between Mother and Jb.H. and described the incident in a manner consistent with the description giving by Jb.H.

In addition, Jb.H. reported that Mother had pushed him to the ground three times in the two weeks leading up the Children's removal from Mother's home, and that on at least one of these occasions, Mother sat on Jb.H. until he could no longer breathe. Jb.H. also reported "being hit with an open hand and slammed to the ground and that these things have been happening off and on for a long time." Appellee's App. pp. 18, 22, 26. A.H. also reported that she had also suffered physical abuse by Mother. A.H. indicated that Mother had previously pulled her down to the floor by her hair and hit her on the hand with a spatula until she bled. Je.H. also reported that Mother "hits" her "with an open hand." Appellee's App. pp. 19, 23, 27.

A.H. additionally reported that she had witnessed Mother "punching, scratching and fighting" with Father before Mother and Father's divorce. Appellee's App. pp. 19,

3

23, 27. A.H. disclosed that Mother "hits her current husband and that physical altercations have occurred in front of the [C]hildren." Appellee's App. pp. 19, 23, 27. Each of the Children expressed concern for their half-sister, E.P., and A.H. indicated that she feels Mother is too rough with E.P.

On July 16, 2013, DCS filed verified petitions alleging that the Children and E.P.[2] were CHINS. DCS amended its verified petitions on July 17, 2013. The juvenile court conducted an evidentiary hearing on September 16, 2013, during which it heard evidence relating to DCS's allegation that the Children were CHINS. Following the conclusion of the evidentiary hearing, the juvenile court determined that the Children were CHINS. The juvenile court conducted a dispositional hearing on December 2, 2013, after which it granted wardship of the Children to DCS, maintained the Children's placement with Father, and ordered Mother to participate in reunification services. Mother now appeals.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

Mother contends that DCS presented insufficient evidence to sustain the juvenile court's determination that the Children are CHINS. In raising this contention, Mother claims that DCS presented insufficient evidence to prove both that the Children are CHINS and that services are unlikely to be provided without coercive intervention. For its part, DCS argues that Mother has waived this claim for appellate review because she

---

[2] The juvenile court's determination regarding E.P. is not at issue in this appeal.

4

has failed to include the transcript of the September 16, 2013 evidentiary hearing in the record on appeal.

Indiana Code section 31-34-1-1 provides that a child is a CHINS if before the child becomes eighteen years of age:

(1) the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; and
 (2) the child needs care, treatment, or rehabilitation that:
    (A) the child is not receiving; and
    (B) is unlikely to be provided or accepted without the coercive intervention of the court.

Indiana Code section 31-34-1-2 provides that a child is a CHINS if before the child becomes eighteen years of age:

(1) the child's physical or mental health is seriously endangered due to injury by the act or omission of the child's parent, guardian, or custodian; and
(2) the child needs care, treatment, or rehabilitation that:
    (A) the child is not receiving; and
    (B) is unlikely to be provided or accepted without the coercive intervention of the court.

With respect to CHINS determinations, the Indiana Supreme Court has held as follows:

[a] CHINS proceeding is a civil action; thus, "the State must prove by a preponderance of the evidence that a child is a CHINS as defined by the juvenile code." *In re N.E.*, 919 N.E.2d 102, 105 (Ind. 2010). We neither reweigh the evidence nor judge the credibility of the witnesses. *Egly v. Blackford County Dep't of Pub. Welfare*, 592 N.E.2d 1232, 1235 (Ind. 1992). We consider only the evidence that supports the trial court's decision and reasonable inferences drawn therefrom. *Id.* We reverse only upon a showing that the decision of the trial court was clearly erroneous. *Id.*

5

*In re K.D.*, 962 N.E.2d 1249, 1253 (Ind. 2012). It is well-settled that "[i]t is the appellant's duty to insure that an adequate record is presented to this court for review of the issues it raises." *Mid-West Fed. Sav. Bank a Div. of 1ˢᵗ Ind. Bank, a Fed. Sav. Bank v. Epperson*, 579 N.E.2d 124, 125 (Ind. Ct. App. 1991); *see also Anderson v. Ind. State Emps. Appeals Comm'n*, 172 Ind. App. 529, 532, 360 N.E.2d 1040, 1042 (1977); *Kerkhof v. Dependable Delivery, Inc.*, 167 Ind. App. 248, 251, 338 N.E.2d 513, 516 (1975). When an appellant fails to present an adequate record on appeal, "the appellant is deemed to have waived any alleged error based upon missing material." *Adamson v. Norwest Bank, NA*, 609 N.E.2d 35, 37 (Ind. Ct. App. 1993).

DCS initiated the CHINS proceedings after receiving reports of physical abuse against the Children by Mother. After an evidentiary hearing, the juvenile court determined that DCS had presented sufficient evidence to prove by a preponderance of the evidence that the Children are CHINS. Mother challenges this determination on appeal. However, we are unable to review the sufficiency of the evidence to sustain the trial court's determination because Mother did not provide this court with a transcript of the evidentiary hearing. Without the aid of the transcript of the evidentiary hearing, we are unable to review the evidence presented by DCS or come to a determination about whether said evidence was sufficient to sustain the trial court's determination that the Children are CHINS. As such, we conclude that Mother has waived this challenge on appeal.[3]

---

[3] Further, to the extent that Mother disputes the accuracy of the Children's alleged testimony and cites to the juvenile court's decision to end the CHINS case regarding E.P. during the December 2, 2013

6

## II. Dispositional Order

Mother also contends that the dispositional order does not meet the requirements of Indiana Code section 31-34-19-6. With respect to dispositional orders, Indiana Code section 31-34-19-6 provides as follows:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
> (1) is:
>     (A) in the least restrictive (most family like) and most appropriate setting available; and
>     (B) close to the parents' home, consistent with the best interest and special needs of the child;
> (2) least interferes with family autonomy;
> (3) is least disruptive of family life;
> (4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and
> (5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

In challenging the propriety of the dispositional order, Mother claims that the dispositional order fails to conform to the requirements of Indiana Code section 31-34-19-6 because it did not consider the best interests of the Children or provide Mother with a reasonable opportunity for participation.

The dispositional order granted wardship of the Children to DCS, maintained the Children's placement with Father, and ordered Mother to participate in reunification services. The dispositional order recognized that services were necessary as the Children had been exposed to physical abuse in Mother's home. The Children were placed in

---

dispositional hearing in support of her claim that the evidence presented by DCS was insufficient to sustain the juvenile court's determination that the Children are CHINS, we conclude that Mother's claim is merely an invitation to reweigh the evidence, which we will not do. *See In re K.D.*, 962 N.E.2d at 1253.

Father's care and were given the opportunity to participate in therapy and therapeutic visitation with Mother. The juvenile court determined that continued placement with Father was in the Children's best interest because it represented the least restrictive, most home-like, and appropriate placement available for the Children.

Mother complains that she was denied a reasonable opportunity to participate in services with the Children because Father could dictate Mother's participation by scheduling the Children's counseling sessions. Mother, however, did not claim on appeal that she was unable to attend any of the necessary counseling sessions with the children due to scheduling conflicts.

The juvenile court heard testimony during the dispositional hearing that Father was initially notified of the Children's counseling sessions after the sessions were scheduled. Father had requested that some of the sessions be rescheduled and that the Children's counseling sessions be scheduled for the same time, either as a group or individually, rather than for separate days or separate times. Father testified that it took three to four weeks to receive notification that his request had been granted.

The juvenile court also heard evidence that the Children had to miss school to attend some of the scheduled appointments. The juvenile court stated that it was disturbed that counseling sessions were scheduled for a time when the Children were scheduled to be in school. The juvenile court indicated that future sessions should be scheduled for a time when the Children were not to be in school and that DCS should arrange transportation for the Children, if needed, to ensure participation in the necessary counseling with Mother. Mother has failed to prove that the dispositional order did not

8

represent the best interests of the Children or provide her with a reasonable opportunity to participate in necessary services.

The judgment of the juvenile court is affirmed.

RILEY, J., and ROBB, J., concur.